UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------X

Hernade,

                *Plaintiff*,

    -against-

Nomi Deli & Grocery Inc. et al,

                *Defendant*.

--------------------------------------X

**ORDER**

21-cv-6546 (KAM)(RLM)

**KIYO A. MATSUMOTO, United States District Judge:**

On November 14, 2022, this Court ordered that pro se Plaintiff Jeonnmo Ramirez Hernade ("Plaintiff") must, by November 22, 2022, (1) show cause as to why the case should not be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and to comply with court orders and (2) move for default judgment. (No. 21-cv-6546, 11/14/2022 Order.)  The Court warned Plaintiff that the case would otherwise be dismissed with prejudice.  (*Id.*) Pursuant to Federal Rule of Civil Procedure 41(b), and in light of the Court's final warning and Plaintiff's ongoing failure to prosecute the action or comply with court orders, this action is hereby dismissed with prejudice.

Rule 41(b) authorizes a district court "to dismiss an action if the plaintiff fails to prosecute or to comply with the rules or a court order." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir.

1

2014) (per curiam) (quotation marks and alterations omitted); Fed. R. Civ. P. 41(b).   The Court may dismiss an action pursuant to Rule 41(b) *sua sponte*.   *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) ([I]t is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute.") (citation omitted).

To determine whether dismissal is appropriate, courts weigh five factors: (1) whether the plaintiff "caused a delay of significant duration"; (2) whether the plaintiff was "given notice that further delay would result in dismissal"; (3) whether the defendant is "likely to be prejudiced by further delay"; (4) whether dismissal would balance "the need to alleviate court calendar congestion . . . against plaintiff's right to an opportunity for a day in court"; and (5) whether lesser sanctions would be effective.   *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

In the instant case, Plaintiff filed a complaint, with the assistance of counsel, on November 23, 2021.   (No. 21-cv-6546, ECF No. 1, Complaint.)   On March 15, 2022, Magistrate Judge Roanne L. Mann ordered Plaintiff to file a status report, given that service had not been effected nor any further action taken in the case. (3/21/22 Status Report Order.)   Plaintiff then filed proof of service that Defendants Nomi Deli & Grocery Inc. and Noel Garcia Mejia had been served in December 2021, but had not appeared or

responded to the complaint.  (ECF Nos. 7-9.)  Plaintiff also filed a status report requesting a 60-day extension of time to file a motion for default judgment.  (No. 9.)  Magistrate Judge Mann denied the request and directed Plaintiff to request a certificate of default and file a motion for default judgment by April 29, 2022.  (3/23/22 Order.)

Plaintiff requested a certificate of default on March 29, 2022.  (No. 11.)  The Clerk of Court entered default of Defendants on April 7, 2022.  (No. 12.)  On April 29, 2022, Plaintiff's counsel moved to withdraw.  (Nos. 11-13.)  Magistrate Judge Mann held a hearing on the motion to withdraw, at which Plaintiff did not appear despite being given actual notice of the proceeding. (No. 16, 05/11/2022 Minute Entry.)  Magistrate Judge Mann therefore granted the motion of Plaintiff's counsel to withdraw, on the condition that Plaintiff's outgoing counsel would arrange to serve Plaintiff with a Spanish-language translation of the order granting the motion.  (*Id.*)  Magistrate Judge Mann also ordered Plaintiff to move for default judgment by June 14, 2022, and warned Plaintiff that if he violated any further orders of the Court, his case could be dismissed with prejudice.  (*Id.*)  On May 13, 2022, Plaintiff's counsel filed proof of service of Magistrate Judge Mann's order.  (No. 17.)

Plaintiff has yet to submit the motion for default judgment, despite being served with (1) Magistrate Judge Mann's September

3

29, 2022 order warning Plaintiff that his case would be dismissed with prejudice if Plaintiff filed to take further action in his case; and (2) this Court's November 14, 2022 Order to Show Cause as to why the case should not be dismissed due to failure prosecute and to comply with court orders.  (*See* ECF No. 18, Order; 11/14/2022 Order to Show Cause.)  Copies of each order were mailed to Plaintiff's last known address, as listed on the docket.

The above factors weigh in favor of dismissing this action under Rule 41(b).  First, Plaintiff has not corresponded with the Court in over six months: his counsel withdrew on May 17, 2022 and Plaintiff did not appear at the May 11, 2022 hearing regarding his counsel's motion to withdraw, despite being given actual notice of the hearing.  (Nos. 16-17.)  A period of six months constitutes a significant delay.  *See, e.g., West v. Glenbrook Farms Herbs & Such, Inc.*, No. 20-cv-3777 (RA), 2020 WL 5646425, at *2 (S.D.N.Y. Sept. 22, 2020) (finding a delay of four months to be significant).  Second, Plaintiff was on notice that his failure to comply would result in dismissal: Magistrate Judge Mann's May 11, 2022 and September 29, 2022 Orders and this Court's November 14, 2022 Order to Show Cause all explicitly warned Plaintiff that a failure to comply—i.e., failure to move for default judgment—would result in dismissal.  (*See* Nos. 16, 18, 11/14/2022 Order.)  Plaintiff was mailed copies of the foregoing orders.  Further, this case has been pending for over a year, and the Court has an obligation "to

4

secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.  Considering these factors, the Court finds that Plaintiff's non-compliance with orders, and failure to advance this action, warrants dismissal.

Further, dismissal with prejudice is appropriate in this case.  This action required Magistrate Judge Mann to issue seven orders, hold a conference, and resolve a motion to withdraw, contributing to calendar congestion. *See Ex rel. Drake*, 375 F. at 254.  Although it is true that there has not been prejudice to any defendant, given that no summons has been issued or service effected or waived, Plaintiff's total lack of responses to multiple orders by Judge Mann and the undersigned establishes that a lesser sanction of dismissal without prejudice will not be effective.

Accordingly, this action is dismissed with prejudice. The Clerk of Court is respectfully directed to enter judgment dismissing this case, serve a copy of this order and the judgment on the pro se Plaintiff at his last known address, note service on the docket, and close this case.

**SO ORDERED**
Dated:      December 1, 2022
            Brooklyn, New York

*Kiyo A. Matsumoto*

_____
**HON. KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York

5